UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

ROBERT L. MURRAY,

                       Plaintiff,

    -against-                                  9:12-CV-1891 (LEK/DEP)

DR. GILLANI, *et al.*,

                       Defendants.

_____

**DECISION and ORDER**

**I.    INTRODUCTION**

Plaintiff Robert L. Murray ("Plaintiff"), an inmate in the custody of the New York Department of Corrections and Community Supervision ("DOCCS"), commenced this action *pro se* pursuant to 42 U.S.C. § 1983. Dkt. No. 1 ("Complaint"). The Court granted Plaintiff *in forma pauperis* status. Dkt. Nos. 5; 15. Plaintiff also filed an amended Complaint, which is the operative pleading. Dkt. No. 7 ("Amended Complaint"). Plaintiff alleges that while in the mental health unit at Clinton Correctional Facility ("Clinton C.F."), Defendants Dr. Gillani, T. Sawyer, and eight unnamed Clinton C.F. employees (collectively, "Defendants") subjected Plaintiff to excessive force, retaliated against Plaintiff for his religious beliefs and for filing lawsuits and grievances, and forcibly medicated Plaintiff. Id. at 6-8.[1]

Presently before the Court is Plaintiff's Second Motion for preliminary injunction and for copies. Dkt. No. 26 ("Second PI Motion"); see also Dkt. No. 28 ("Memorandum"). Defendants filed a Response, and Plaintiff a Reply. Dkt. Nos. 30 ("Response"); 31("Reply"). Plaintiff's Reply includes several materials re-alleging the facts of Plaintiff's first Motion for preliminary injunction,

---

[1] The cited pagination is the page number assigned by ECF.

which the Court denied without prejudice.  See Reply at 3-13; Dkt. No. 13 ("First PI Motion"); Dkt. No. 15 ("Screening Order") at 9-12.  Plaintiff also filed a Motion for appointment of counsel.  Dkt. No. 32 ("Motion to Appoint Counsel").

## II.   DISCUSSION

### A. Motion for Preliminary Injunction

Preliminary injunctive relief is "an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." Moore v. Consol. Edison Co. of N.Y., Inc., 409 F.3d 506, 510 (2d Cir. 2005).  To prevail on a motion for preliminary injunction, the moving party must demonstrate: (1) that she will suffer irreparable harm if the preliminary injunctive relief is not granted; and (2) either that she is likely to succeed on the merits *or* "that there are sufficiently serious questions going to the merits to make them a fair ground for litigation, and that the balance of hardships tips decidedly in favor of the moving party." Moore, 409 F.3d at 510.  Finally, in cases where, as here, the moving party seeks to alter the status quo with a "mandatory" rather than a "prohibitory" preliminary injunction,[2] such an injunction will issue "only upon a clear showing that the moving party is entitled to the relief requested, or where extreme or very serious damage will result from a denial of preliminary relief." Citigroup Global Mkts., 598 F.3d at 35.

Plaintiff, who is currently incarcerated at Upstate Correctional Facility ("Upstate C.F."), claims that his life is in danger because "Clinton officers have a lot of friends that work [at Upstate C.F.] and they are going to hurt [him]."  Second PI Mot. at 1.  Plaintiff also alleges that Clinton C.F.

---

[2] A mandatory injunction seeks to alter the status quo by commanding an affirmative act, whereas a prohibitory injunction seeks only to maintain the status quo. Citigroup Global Mkts, Inc. v. VCG Special Opportunities Master Fund, Ltd., 598 F.3d 30, 35 (2d Cir. 2010).

staff have stolen his legal work and asks that the Court provide him with copies of all his pending lawsuits, which he claims are necessary for him to pursue a state claim. Id. In further support of his Motion, Plaintiff claims that Upstate C.F. staff are "going to set [him] up." Mem. at 1.

In response to Plaintiff's Second PI Motion, Defendants assert that: (1) Plaintiff has failed to demonstrate entitlement to preliminary injunctive relief; (2) the Court does not have subject matter jurisdiction to issue preliminary injunctive relief against non-parties; (3) Plaintiff alleges only future or potential, not imminent, harm; (4) Plaintiff's Motion seeks an "obey the law" injunction, which defendants assert is "improper under Fed. R. Civ. P. 65"; and (5) the defendants in this action, Gillani, Sawyer, and the unnamed Clinton C.F. employees, do not work at Upstate C.F. and have no "current interaction with [P]laintiff." Resp. at 1-3.

Plaintiff replies that he is entitled to injunctive relief because he faces "imminent injury" at the hands of Upstate C.F. staff. Reply at 1. In support, Plaintiff alleges that Upstate C.F. staff have taken away his wheelchair, beat him up, and told him that if he did not walk "they will kill [him]." Id. at 2.

As to any injunction against the employees of Upstate C.F., the relief that Plaintiff seeks is beyond the Court's power. The Court lacks subject matter jurisdiction to enjoin the actions of non-parties. See Stewart v. U.S. INS, 762 F.2d 193, 198-99 (2d Cir. 1985) (preliminary injunctive relief against an individual may be obtained "[o]nly after an action has been commenced" against that individual); Williams v. State Univ. of N.Y., 635 F. Supp. 1243, 1246 (E.D.N.Y.1986). Defendants do not work at Upstate C.F., and Plaintiff otherwise fails to link Defendants and the Upstate C.F. events detailed. Because Plaintiff has not demonstrated that Defendants are responsible for, or are in any way tied to, the alleged harm, the Court must deny Plaintiff's Motion for preliminary

3

injunction.

Even if the Court were to find that the Defendants were sufficiently linked to all the allegations in the Motion and Reply, the Court would nevertheless deny Plaintiff's Motion because he has failed to establish that he is entitled to such relief under the applicable standard. See Moore, 409 F.3d at 510. Plaintiff has failed to present the Court with any evidence to establish a likelihood of success in the merits of his underlying claims, or sufficiently serious questions going to the merits and a balance of hardships tipping decidedly in his favor. See Ivy Mar Co. v. C.R. Seasons Ltd., 907 F. Supp. 547, 561 (E.D.N.Y. 1995) ("[B]are allegations, without more, are insufficient for the issuance of a preliminary injunction."); Hancock v. Essential Res., Inc., 792 F. Supp. 924, 928 (S.D.N.Y. 1992) ("Preliminary injunctive relief cannot rest on mere hypothetical."). Because Plaintiff has failed to make the showing required for injunctive relief to issue, his motion is denied.

### B. Plaintiff's Request for Copies

In his Motion, Plaintiff asks the Court to provide copies of his pending lawsuits. Mot. at 1. He asserts that staff at Clinton C.F. stole all of his legal documents in May 2013 and that he needs the requested copies in order to pursue a state claim. Id. As discussed above, Plaintiff has presented no evidence that any Defendant was involved in the theft of his legal paperwork. Therefore, this claim cannot be addressed through the issuance of injunctive relief in this action. Additionally, to the extent that Plaintiff simply seeks copies from the Court, a party is required to pay for copies of such documents even if she has been granted *in forma pauperis* status. See Local Rule 5.4 (a) ("The granting of an in forma pauperis application shall in no way relieve the party of the obligation to pay all other fees for which such party is responsible regarding such action, including, but not limited to, copying and/or witness fees."). Because the Court is unsure whether

Plaintiff recognizes that he must pay for copies, the Court will deny Plaintiff's request for copies without prejudice. If Plaintiff still wishes to obtain copies from the Court, he may file a letter motion to that effect. However, in consideration of Plaintiff's *pro se* status, the Court directs the Clerk of the Court to send Plaintiff a current copy of the docket report in each of Plaintiff's pending actions and a copy of the Amended Complaint in the present action. To the extent that Plaintiff seeks compensation for his lost or stolen property, Plaintiff must pursue the claim through proper administrative channels at his facility and, if necessary, in a properly filed legal action.

### C. Motion to Appoint Counsel

In determining whether counsel should be appointed on behalf of an indigent party in a particular case, courts cannot utilize a bright-line test. Hendricks v. Coughlin, 114 F.3d 390, 392-93 (2d Cir. 1997). Instead, a number of factors must be carefully considered by the court in ruling upon such a motion:

> [The Court] should first determine whether the indigent's position seems likely to be of substance. If the claim meets this threshold requirement, the court should then consider the indigent's ability to investigate the crucial facts, whether conflicting evidence implicating the need for cross examination will be the major proof presented to the fact finder, the indigent's ability to present the case, the complexity of the legal issues and any special reason in that case why appointment of counsel would be more likely to lead to a just determination.

Terminate Control Corp. v. Horowitz, 28 F.3d 1335, 1341 (2d Cir. 1994). None of these factors are controlling; each case must be decided on its own facts. Velasquez v. O'Keefe, 899 F. Supp. 972, 974 (N.D.N.Y. 1995).

The Court must first look to the "likelihood of merit" of the underlying dispute. Hendricks, 114 F.3d at 392; Cooper, 877 F.2d at 174. As discussed above, Plaintiff has yet to show that his

5

claims are meritorious. Moreover, even if the Court were to conclude that Plaintiff's claims were meritorious, the relevant factors weigh decidedly against granting Plaintiff's Motion at this time: (1) the case does not present novel or complex issues; (2) while it is possible that there will be conflicting evidence implicating the need for cross-examination at the time of the trial, as is the case in many actions brought under 42 U.S.C. § 1983 by *pro se* litigants, "this factor alone is not determinative of a motion for appointment of counsel," Velasquez, 899 F. Supp. at 974; (3) if this case survives any dispositive motions filed by defendants, it is highly probable that this Court will appoint trial counsel at the final pretrial conference; and (4) the Court is unaware of any special reasons why appointment of counsel at this time would be more likely to lead to a just determination of this litigation. For these reasons, Plaintiff's Motion to appoint counsel is denied without prejudice.

### III.   CONCLUSION

Accordingly, it is hereby:

**ORDERED**, that Plaintiff's Motion (Dkt. No. 26) for preliminary injunction is **DENIED**; and it is further

**ORDERED**, that if Plaintiff wishes to obtain copies at his own expense, he may file a letter motion with the Court; and it is further

**ORDERED**, that the Clerk shall send Plaintiff a copy of the current docket report for each of Plaintiff's pending actions and a copy of the Amended Complaint for this action; and it is further

**ORDERED**, that Plaintiff's Motion (Dkt. No. 32) for appointment of counsel is **DENIED without prejudice**; and it is further

**ORDERED**, that the Clerk shall serve a copy of this Decision and Order on the parties.

**IT IS SO ORDERED.**

DATED:     January 06, 2014
           Albany, New York

_____
Lawrence E. Kahn
U.S. District Judge